Larry R. Schmadeka (SBN 160400)
Eric Olson (SBN 198373)
Tammy Lo (SBN 256816)
LEE, HONG, DEGERMAN, KANG & WAIMEY
1920 Main Street, Suite 900
Irvine, California  92614
Telephone:  (949) 250-9954
Facsimile:   (949) 250-9957
Email:  lschmadeka@lhlaw.com; eolson@lhlaw.com; tlo@lhlaw.com

Attorneys for Defendants
WILSHIRE STATE BANK AND
WILSHIRE BANCORP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| CHAVDAR ANGELOV, an individual; KIDS FIGHT CANCER, an Illinois not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WILSHIRE STATE BANK, WILSHIRE BANCORP, INC.,<br><br>Defendants. | Case No.:  CV07-5955 R (VBKx)<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF CONFIDENTIAL INFORMATION**<br><br>Assigned to Hon. Manuel Real; Courtroom 8 |

WHEREAS, Defendant WILSHIRE STATE BANK believes that discovery in this action will involve production by the Parties of documents, materials, or testimony containing or concerning confidential or proprietary business or financial or trade-secret information of Defendant, Plaintiffs KIDS FIGHT CANCER and CHAVDAR ANGELOV (hereinafter referred to

---

collectively as "Plaintiffs"), or of third parties, or other information which otherwise may be contended to be confidential; and

WHEREAS, in light of these confidentiality concerns, Plaintiffs and Defendant mutually wish to establish procedures which will be fair to each of them.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between Plaintiffs and Defendant (sometimes hereinafter collectively referred to as "the Parties"):

1.   This Confidentiality Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced in this lawsuit, whether produced by Plaintiffs, Defendant, or by third parties.

2.   With respect to any confidential information or documents within the scope of paragraph 1 above, the Parties may designate, at or prior to the time of production of documents or disclosure of other discovery material, all or any portion of such material, documents, or information as "Confidential" information under the terms of this Order.

3.   The term "Confidential information" as used herein shall mean all information contained or set forth in any document, materials, or testimony that has been designated by any party (including Plaintiffs, Defendant, or any third party), as confidential pursuant to the terms of this Order.

4.   Unless otherwise ordered by the Court in this action, all Confidential information will be held by the receiving party solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.  Experts referred to in paragraph 5(e) who have complied with the requirements of paragraph 6 hereof may review and retain documents and other

1  Confidential information for purposes of study, analysis, and preparation in
2  connection with the case.

3       5.    Motion papers or other Court filings, including exhibits, that disclose
4  Confidential material shall be the subject of an application to file the Confidential
5  material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United
6  States District Court, Central District of California and General Order 08-02.  If
7  the receiving party disputes a confidential designation of motion papers or
8  exhibits, then the receiving party must notify the designating party of that dispute
9  in writing.  If the parties are unable to resolve their dispute, either party may
10 move the Court for an order approving or removing the Confidential designation
11 and the non-moving party may oppose such motion.  In the interim, the
12 designated material shall be deemed Confidential until the issue is resolved by the
13 Court.  Prior to filing previously designated Confidential material with the Court,
14 the receiving party shall have the option of notifying the designating party in
15 writing of the party's intent to file such Confidential material and seek the
16 designating party's permission to file the Confidential material not under seal.
17 The written notification shall identify the specific Confidential material sought
18 not to be filed under seal.  The written notification shall provide the designating
19 party five (5) business days to consider and respond to the receiving party's
20 request in writing.  If no response is provided to the receiving party's request
21 within five (5) business days, the receiving party shall proceed as required herein.

22      6.    Except with the prior written consent of the party designating the
23 information as Confidential, or upon prior order of this Court obtained upon
24 notice to counsel for all Parties, Confidential information shall not be disclosed
25 by any party to any person other than:

(a) counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for purposes related to this litigation;

(b) employees or independent contractors of each such law firm;

(c) any party;

(d) any partner, director, officer, or manager of a party;

(e) experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

(f) the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

(g) noticed or subpoenaed deponents and their counsel;

(h) any person identified as having authored or previously reviewed or received the Confidential material at issue; and

(i) prospective witnesses or other persons who, in the judgment of counsel for a party, require the Confidential information for the purpose of preparing their testimony, preparing for trial, or advising and assisting counsel in connection with the processing of the litigation.

Confidential documents may be shown to any person listed in subparagraphs (e) and (i) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification"). Subject to the provisions of paragraph 6, below, a party that has produced particular Confidential documents (as opposed to a party that has received the Confidential documents) may, however, disclose such Confidential

1 documents to any person or entity, with or without any conditions to such
2 disclosure, as the party deems appropriate.

3     7. Counsel for the Parties shall maintain complete records of every
4 original signed Certification obtained from any person pursuant to paragraph 6.
5 These Certifications need not be disclosed to the opposing Parties absent further
6 order of the Court.

7     8. Any person receiving Confidential information shall not reveal the
8 information to, or discuss the contents of the information with, any person who is
9 not entitled to receive such information as set forth herein.

10     9. The Parties shall not be obligated to challenge the propriety of a
11 Confidential information designation at the time made, and a failure to do so shall
12 not preclude a subsequent challenge thereto. In the event that a party objects at
13 any stage of these proceedings to the propriety of a designation by a party of any
14 information as Confidential, the Parties shall attempt first to dispose of the
15 dispute in good faith on an informal basis. If the dispute cannot be resolved, any
16 party may seek appropriate relief from this Court, and the party who designated
17 the information in question as Confidential shall have the burden of proving that
18 the information designated as Confidential is subject to the restrictions of this
19 Order.

20     10. All provisions of this Order restricting the communication or use of
21 Confidential information shall continue to be binding after the conclusion of this
22 action unless subsequently modified by agreement between the Parties or further
23 order of the Court.

24     11. After the final termination of this action, including all appeals, any
25 and all Confidential information and all copies made thereof shall, at the option of
26 the Parties holding such information, either (a) be returned promptly to the party
27 that produced the material, or (b) be destroyed, and certificate to that effect shall
28

LEE, HONG, DEGERMAN, KANG & WAIMEY
1920 Main Street, Suite 900
Irvine, California 92614

be provided to the party that produced the material. However, any work product (as defined under applicable law), pleadings, claim file materials, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.

12. This Order shall govern the handling of material designated as Confidential prior to trial. After the pretrial conference, the Parties shall meet and confer regarding the confidentiality of information to be used at trial and documents designated as trial exhibits and, if necessary, agree upon a method for maintaining the confidentiality of such information and documents at trial.

13. Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given, or exchanged in the course of pretrial discovery in this action.

14. This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing herein shall be deemed to waive any applicable privilege or be construed as an acknowledgment of the applicability of any privilege.

15. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just. There shall be no other remedy, penalty or damages imposed on or recoverable from the Parties, their attorneys, representatives, or assigns, or any cause of action or penalty arising out of a violation of this Order except as stated herein.

The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

Dated: November    , 2009          **LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: _____
    Eric Olson
    Attorneys for Defendants
    WILSHIRE STATE BANK and
    WILSHIRE BANCORP, INC.

Dated: November __, 2009          **MUSOLINO & DESSEL**

By: _____
    Phillip Musolino
    Attorney for Plaintiff
    CHAVDAR ANGELOV

Dated: November __, 2009          **JENNER & BLOCK**

By: _____
    Brent Caslin
    Farnaz Alemi
    Attorneys for Plaintiff
    KIDS FIGHT CANCER

**ORDER**

Based upon the above Stipulation, and good cause appearing, IT IS SO ORDERED.

DATE:  November 30, 2009     _____
Honorable Manuel Real
United States District Court Judge

# **EXHIBIT "A"**

I, _____, hereby state and declare that I have read and understand the attached Confidentiality and Protective Order of the United States District Court, Central District of California, Western Division in the matter of <u>Chavdar Angelov, et al. v. Wilshire State Bank, et al.</u>, Case No. CV07-5955 R (VBKx), and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction of the United States District Court, Central District of California, Western Division with respect to enforcement of the Protective Order.

    Executed this ___ day of _____, 20__, at _____, _____.

_____
(Signature)

WILSHIRE\1371\11207.2

LEE, HONG, DEGERMAN, KANG & WAIMEY
1920 Main Street, Suite 900
Irvine, California  92614